**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE:<br>SIDHARTHA MUKHERJEE, and<br>SUNITA MUKHERJEE<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§ | CASE NO. 23-41386<br><br><br>CHAPTER 7 |
| KUNTAL RAY and SUDIPA RAY<br>  Plaintiffs,<br><br>vs.<br><br>SIDHARTHA MUKHERJEE and<br>SUNITA MUKHERJEE<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADV. NO. 24-04026 |

**DEFENDANTS, SIDHARTHA AND SUNITA MUKHERJEE'S, MOTION TO SET ASIDE PLAINTIFFS' ENTRY FOR DEFAULT JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 55(c)**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW **SIDARTHA AND SUNITA MUKHERJEE,** (hereinafter, "Mukherjees" "Debtors" or "Defendants"), Debtors and Defendants in the above-styled and number cause, and files this their Motion to Set Aside Plaintiffs' Entry for Default Judgment to **Kuntal Ray and Sudipa Ray** (hereinafter, "Plaintiffs") related to their Adversary Objecting to Discharge Under 11 U.S.C. §§ 523(a)(2)(A), (B) and §727(a)(5) and (7) (hereinafter, "Adversary"), and in support thereof would respectfully show the Court the following:

**I. BACKGROUND**

On April 30, 2024, the Plaintiffs filed their Adversary alleging fraud under both 11 U.S.C. §§523 and 727. Affidavit in support of the Plaintiffs Motion for entry of default shows personal

Case 24-04026 Doc 10 Filed 07/03/24 Entered 07/03/24 14:27:07 Desc Main
Document Page 2 of 8

service on the Defendants on May 29, 2024 [Dkt. 14].

On June 21, 2024, the Plaintiffs filed their motion for entry for default which was granted on June 25, 2024 [Dkt. # 7 and 8]. For reasons set forth below, Debtors provide explanation for their inadvertent failure to respond to the Plaintiffs original adversary.

## II. GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT

### A. Legal Standards.

1. Under Federal Rules of Civil Procedure 55(c), a district court "may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). The requirement of "good cause" has been interrupted liberally. *In re Chinese Manufactured Drywall Prods. Liab. Litig.,* F.3d 576,594 (5th Cir. 2014)(quoting *Rogers v. Hartfold Life & Accidents Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999). To decide whether good cause exists, courts consider three non-exclusive factors: "whether the default was willful, whether setting aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000).

2. Defaults are "generally disfavored." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO,* 726 F.2d 166, 168 (5th Cir. 1984), and "unless it appears that no injustice results from the default, relief should be granted." *In re OCA, Inc.,* 551 F.3d 359, 370-71 (5th Cir. 2008). Moreover, the Fifth Circuit has adopted a policy "in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Prods. Liab. Litig.,* F.3d 576,594 (5th Cir. 2014)(quoting *Rogers v. Hartfold Life & Accidents Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999). A great injustice would result if the Plaintiffs entry for default were to continue leading to a judgment against the Debtors.

3. Here, there is good cause to set aside the Entry of Default because (1) Debtor's failure to act was not willful; (2) Defendant has a least one meritorious defense; (3) setting aside

DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT                                                                         PAGE 2 OF 8

would not prejudice the Plaintiffs; and (4) Debtors acted expeditiously after it discovered that a default was entered.

### B. Debtors' Failure to Act was Not Willful

4. Debtors would state that their default was not "willful," and that they were actively seeking counsel to represent them in this matter, along with other adversaries, in order to properly address this adversarial complaint and file answers.[1] Part of the challenges facing the Debtors is financial, as they are currently seeking representation for three separate adversaries leveled against them through their bankruptcy.[2] Debtors were are not familiar with the litigation procedures required by the Court, and did not want to mistakenly file pro se so they actively sought affordable counsel.[3]

5. Debtors in fact were filing an answer into this Adversary, or Adversary No. 24-04026, which was finalized and verified on June 27, 2024—due to the entry of Default the filing was rejected.[4]

6. Debtors, not familiar with the litigation process and attempting to hire counsel, were unable to retain their current counsel until June 17, 2024—at the time the Debtors and counsel believed that answers to each adversary were the most pressing matter and worked to that end—Debtors' counsel began drafting and formalizing answers for the Debtors to review and verify for Adversary No. 24-04026 which was done on June 27, 2024.

7. Allowing a judgment to be rendered after entry would be highly prejudicial to the Debtors

8. The Plaintiffs filed their Motion for entry of default on June 21, 2024, Debtors

---

[1] *See Ex. A-B*
[2] *See Id.*
[3] *See Id.*
[4] *See Exhibit C* ¶¶9-10 ("Affidavit of Nicholas Shahbazi" attached to this Motion).

counsel began filing answers, beginning with Adversary 24-04026 on June 27, 2024 (unaware of the motion for entry of defaults that were filed in all adversaries) and immediately began to diligently work on a response after being retained on June 17, 2024.

### C. Defendant Has Meritorious Defenses.

10. When looking at defenses, courts will determine "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.,* 551 F.3d 359, 373 (5th Cir. 2008). A motion to set aside judgment does not require the moving party to establish a defense with certainty, but only show the existence of facts that establish a "fair probability" that a trier of fact would find for the defaulting party." *FSLIC v. Kroenke,* 858 F.2d 1067, 1069 (5th Cir. 1988); *Owens-Illinois, Inc. v. T&N Ltd.,* 191 F.R.D. 522, 526 (E.D. 2000).

11. The Debtors in this case would show the following: Debtors deny that their actions were taken with the intent to defraud and/or hinder creditors, and would posit that the business venture they operated failed through the normal course of business[5]—Plaintiffs have not established fraud through their pleadings under §523 et. seq or proved the requisite intent required. as alleged and admit to receiving some of their investment monies back.—Debtor would argue any failure of the Debtors under §727(a)(5) to disclose information, as alleged by the Plaintiffs, has not been fully brought forth, or that the Plaintiffs fail to articulate what specifically the Court is requiring to be "explained satisfactorily", nor are they aware of any request.[6] Further, rather than outline specifics, Plaintiffs allege wholesale that the Debtors intentionally failed to disclose without any specific information as to what accounts the Plaintiffs are referring to.—Plaintiffs plead in a conclusory manner but fail to plead any facts with give rise to a plausible inference of

---

[5] *Ex.A-B* ¶11.

intent, or that the Debtors "knowingly and fraudulently" took the acts alleged under §727 *et. seq.* claims.

12. Similarly, Debtors maintain defenses to the claims leveled under §523 *et. seq.* Plaintiffs rely heavily on the failure of the Debtors to pay the returns contemplated in the agreement(s) listed in the adversary, taking this failure as an intent to defraud the creditor using primarily conclusory statements.[7] Debtors would argue that that the majority of the Plaintiffs claims are barred under the statute of frauds, as the Plaintiffs' core arguments stem from verbal representations. To show willfulness a plaintiff must demonstrate that an actor "knew or showed reckless disregard for the matter" when making representations. *Steele v. Leasing Enters.,* 826 F.3d 237, 248 (5th Cir. 2016).

13. Similarly, Plaintiff(s) claims under §523(a)(2)(B) require an "intent to deceive" and "reasonable reliance" while the Plaintiffs make conclusory allegations and infer intent of the Debtors.[8] As stated above, the claims are also governed by the statute of frauds and many of the representations alleged by the Plaintiffs are represented to be material terms to the agreement which are not in fact a part of the agreement. Debtors also state that they partially performed, or fully performed in some instances in regards to the Plaintiffs' claims.

14. Finally, Debtors would argue assumption of risk as the monies provided were investments based on partnership ventures entered into between the parties that resulted in net losses to all parties involved, including the Debtors.

**D. Plaintiffs Will Not Suffer Prejudice**

15. Plaintiffs *oppose* this motion but will not suffer prejudice if the Motion is granted. No prejudice to the Plaintiffs is present when setting aside of the default "has done no harm to the

---

[7] See <u>Id.</u>
[8] See <u>Id.</u>

plaintiff except to require it to prove its case." *Lacy v. Sitel Corp,* 227 F.3d 290, 293 (5th Cir. 2000). Instead, "[a]ll that …has [been] done is to give the defendants their day in court… [and] mere delay does not alone constitute prejudice." *Id.*

### E. Debtors Acted Expeditiously After Discovering the Entry of Default.

10. Debtors acted expeditiously after learning that default had been entered. Counsel for the Debtors checked the Court's docket and immediately began compiling answers to all the adversaries issued in the Debtors' bankruptcy, not noticing that a request for entry of default had been made.

11. Counsel for Debtors, while working on Debtors' answers, noticed the entry of default only after it was granted, which was on the same day it was requested. Debtors Counsel was hired on June 17th, 2024 and no requested entry for default was on file at that time—counsel for the Debtors immediately began working on answers to the adversaries, and did not see any requests for entry on June 24, 2024, the last day the docket was checked before today, July 2, 2024.[9]

12. Upon discovery, Defendants expeditiously moved to set aside the entry of default on the same day of learning of its existence. Therefore, this factor favors setting aside the default. *See In re Marinez,* 589 F.3d 772, 778 (5th Cir. 2009).

### III. MOTION FOR LEAVE TO FILE RESPONSIVE PLEADING OUT OF TIME

Once the Entry of Default is set aside, Debtors request that the Court grant an additional 14 days for the Debtors to file a responsive pleading pursuant to Federal Rules of Civil Procedure 6(b). For the reasons set forth above, good cause exists for this extension. *De La Cruz v. Itro Truckling, LLC,* No. 5:15-cv-367-DAE, 2016 WL 11546880, at *3 (W.D. Tex. May

---

[9] *See Ex. C* Shahbazi Decl. ¶

19, 2016)(granting motion to file answer late because defendants showed "good cause for their failure to timely respond to the lawsuit and have taken steps to defend themselves by seeking leave to file an answer."); *Alfarouqi v. Tri-Speed Inv., Inc.,* No. 3:12-CV-3836-L, 2013 WL 5314436, at *1 (N.D. Tex. Sept. 23, 2013)(granting motion to file answer late and directing "Defendants to file an answer or otherwise respond to Plaintiff's Complaint by October 7, 2013").

## IV.   CONCLUSION

As set forth above, good cause exists to set aside the Entry of Default against Debtors. Accordingly, Debtors respectfully request that the Court enter an order setting aside the Entry of Default entered on June 25, 2024, and grant Debtors an additional 14-days to submit responsive pleadings to the Adversary.

Respectfully submitted,

**HERRIN LAW, PLLC**

By: */s/ Nicholas H. Shahbazi*
    **Nicholas H. Shahbazi**
    Texas Bar No. 24126819
    Email: nick@herrinlaw.com
    **C. Daniel Herrin**
    Texas Bar No. 24065409
    Email: dherrin@herrinlaw.com
    12001 N. Central Expy., Suite 920
    Dallas, Texas 75243
    Tel. (469) 607-8551
    Fax. (214) 722-0271
    **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on July 2, 2024, I conferred with counsel of record for the Plaintiffs via email but have not received a response and have marked them *opposed* to this Motion.

*/s/ Nicholas H. Shahbazi*
**Nicholas H. Shahbazi**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 3, 2024, a true and correct copy of the foregoing document was served upon all parties entitled to receive notices through the Court's electronic notification system.

*/s/ Nicholas H. Shahbazi*
**Nicholas H. Shahbazi**